State, Gano, pros., v. Apgar.

---

THE STATE, MARY S. GANO, PROS., v. BENJAMIN APGAR, COLLECTOR OF HIGH BRIDGE.

1. Where part of the proceeds of sale of land in partition is invested in bond and mortgage for the benefit of the widow in lieu of her right of dower, she is taxable on such mortgage only to the extent of the interest which had accrued up to the day of the assessment, and which then remained unpaid.

2. *State, Hill, pros., v. Hansom,* 7 *Vroom* 50, approved.

3. *Holcombe v. Holcombe,* 2 *Stew.* 597, distinguished.

On *certiorari.*   In matter of taxation.

Argued at February Term, 1879, before Justices DALRIM-
PLE, DEPUE, and SCUDDER.

For the prosecutor, *G. A. Allen.*

For the defendant, *J. T. Bird.*

The opinion of the court was delivered by

DALRIMPLE, J.   The prosecutrix's complaint is that she
was taxed, in the year 1877, in the township of High Bridge,
in the county of Hunterdon, on the full amount of two mort-
gages given to the Chancellor in certain partition proceedings.
The interest on these mortgages is payable to the prosecutrix
during her life, and at her death the principal goes to her
children.   Though the state of the case does not in terms
affirm, yet, I think, it is fairly inferable, from what is said,
that the prosecutrix's interest in these mortgages was given
her in lieu of her right of dower in the lands embraced in the
partition proceedings.

That the prosecutrix was taxable on these mortgages only
to the extent of the interest which had accrued up to the day
of assessment, and which then remained unpaid, I think is
settled, so far as this court is concerned, by the cases of *State,
Hill, pros.,* v. *Hansom,* 7 *Vroom* 50 ; *State, Wyckoff, pros.,* v.
*Nunn,* 10 *Vroom* 422 ; *State, Wyckoff, pros.,* v. *Jones, Id.*
650 ; *State, Howell, pros.,* v. *Cornell,* 2 *Vroom* 374.

It might appear at first blush that the case of *Holcombe* v.
*Holcombe,* decided by the Court of Errors and Appeals at the
last July Term (2 *Stew.* 597), overrules the cases in this court
above referred to.   Such, however, I do not think is the
effect of the ruling in the case last mentioned.   There the
principle adjudicated is that, under section seven of the tax
law of 1866, (*Rev., p.* 1153,) which declares that every per-
son shall be assessed in the township or ward where he re-
sides for all personal estate in his possession, or under his

control as trustee, guardian, executor or administrator, executors were taxable as such on a fund held by them and directed by will to be invested for the benefit of tenant for life, with remainder to be paid at her death to certain persons designated. It was also held that no provision having been made by the will for the payment of the taxes, by the general principles of the law they were to be charged to and deducted by the executors from the annual interest, during the existence of the life interest. I do not think the principles announced in that case apply to the present. Therefore, the assessment brought up must be reduced so that the prosecutrix will be obliged to pay a tax only on the interest of the mortgages which had accrued, and which remained unpaid on the day the assessment was, in contemplation of law, made.

The result is the same, under like circumstances, in the case of State, Gano, pros., v. Shafer, Collector of Union Township, in the County of Hunterdon.